IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

NATIONSTAR MORTGAGE, LLC,

        Plaintiff,

v.

FITZGERALD L. SMITH, JR.,
ESTATE OF FITZGERALD L.
SMITH, SR., and ALL OTHER
OCCUPANTS,

        Defendants.

1:14-cv-2382-WSD

## OPINION AND ORDER

This matter is before the Court on Fitzgerald L. Smith, Jr.'s Notice of Removal [3].

### I.  BACKGROUND

On January 24, 2014, Plaintiff Nationstar Mortgage, LLC ("Plaintiff" or "Nationstar") filed a dispossessory proceeding against Fitzgerald L. Smith, Jr. ("Defendant") and the Estate of Fitzgerald L. Smith, Sr. (the "Estate"), in the Magistrate Court of Fulton County, Georgia (the "Dispossessory Action").[1] The Complaint seeks possession of real property, located at 3618 West Potomac Drive, Atlanta, Georgia (the "Property"), currently occupied by Defendant, and the Estate,

---

[1] No. 14ED000531.

following the June 4, 2013, foreclosure sale of the Property.  (Notice of Removal at 5).[2]

On July 24, 2014, Defendant, proceeding *pro se*, removed the Dispossessory Action to this Court by filing his Notice of Removal and an application to proceed *in forma pauperis* ("IFP").[3]  In his Notice of Removal, Defendant asserts that federal jurisdiction exists on the basis of diversity of citizenship.  Defendant claims that he is a resident of Georgia and Plaintiff is a resident of Texas.  He asserts that the amount-in-controversy exceeds $75,000 because the value of the Property is $86,000, and because Plaintiff sent to Defendant a foreclosure notice stating that the amount of arrears on Defendant's mortgage was $147,000.  Defendant asserts that foreclosure was wrongful because that he "never received the required notices of default, acceleration, or foreclosure sale."  (Notice of Removal at 3).

On July 28, 2014, Magistrate Judge Walter E. Johnson granted Defendant's IFP application and directed the Clerk of Court to submit this action to the Court for a frivolity determination [2].

---

[2]   Defendant and his father, Fitzgerald L. Smith, Sr., who is now deceased, appear to have been the owners of the Property before foreclosure.  The Notice of Removal was filed by Fitzgerald L. Smith, Jr.  He does not represent that he is the administrator of the Estate and the Estate has not otherwise appeared in this action.

[3]   The Dispossessory Action was stayed while Defendant's bankruptcy proceedings were pending.  After dismissal of Defendant's second bankruptcy petition, Plaintiff moved to re-open the Dispossessory Action.  (Id. at 5-6).

The Court first considers whether it has subject matter jurisdiction over this action.

## II. DISCUSSION

### A. Subject Matter Jurisdiction

The Eleventh Circuit has consistently held that "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). "[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." Id.

Congress has provided that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant." 28 U.S.C. § 1441(a). Removal in this case appears to be based on diversity of citizenship, which extends to "all civil actions where the matter in controversy exceeds the sum or value of $75,000," and is between "citizens of different States." 28 U.S.C. § 1332(a)(1), (2). Defendant asserts that the "value of the property is stated as $86,000 exceeding the federal threshold of $75,000." (Notice of Removal at 2). The Court must look only to Plaintiff's claim

to determine if the amount-in-controversy requirement is satisfied. See, e.g., Novastar Mortg. Inc. v. Bennett, 173 F. Supp. 2d 1358, 1361 (N.D. Ga. 2001), aff'd, 35 F. App'x 585 (11th Cir. 2002). The Complaint here seeks possession of premises currently occupied by Defendant. It is well-settled that "a claim seeking only ejectment in a dispossessory action cannot be reduced to a monetary sum for purposes of determining the amount in controversy." Bennett, 173 F. Supp. 2d at 1361-1362; see also Citimortgage, Inc. v. Dhinoja, 705 F. Supp. 2d 1378, 1382 (N.D. Ga. 2010). Because "a dispossessory proceeding under Georgia law is not an ownership dispute, but rather only a dispute over the limited right to possession, title to the property is not at issue and, accordingly, the removing defendant may not rely on the value of the property as a whole to satisfy the amount in controversy requirement." Fed. Home Loan Mortg. Corp. v. Williams, Nos. 1:07-cv-2864-RWS, 1:07-cv-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan. 29, 2008). The amount-in-controversy requirement is not satisfied and removal is not proper based on diversity of citizenship.

    Defendant also asserts that the parties are diverse because Plaintiff is a "resident" of Texas and Defendant is a "resident" of Georgia. Even if Defendant is

a Georgia *citizen*,[4] Defendant must establish that Plaintiff is not a citizen of Georgia. Plaintiff appears to be a limited liability company, and is thus a citizen of any state of which one of its members is a citizen. See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). Defendant has not identified Plaintiff's members and their respective citizenships, and the Court is thus unable to determine if "every plaintiff [is] diverse from every defendant." See Palmer Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1564 (11th Cir. 1994). Defendant fails to show that the parties are completely diverse and removal is not proper based on diversity of citizenship for this additional reason.

The Court's jurisdiction in this action also cannot be based on federal question jurisdiction, which extends to "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only

---

[4] That Defendant states he is a "resident" of Georgia is not sufficient to establish diversity jurisdiction because "[r]esidence alone is not enough" to show citizenship. See Travaglio v. Am. Express Co., 735 F.3d 1266, 1269 (11th Cir. 2013). For United States citizens, "[c]itizenship is equivalent to 'domicile' for purposes of diversity jurisdiction," and "domicile requires both residence in a state and 'an intention to remain there indefinitely.'" Id. (quoting McCormick v. Aderholt, 293 F.3d 1254, 1257–58 (11th Cir. 2002)).

when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).  Thus, a federal cause of action within a counterclaim or a federal defense is not a basis for removal jurisdiction.  Vaden v. Discover Bank, 556 U.S. 49, 59-61 (2009).

Plaintiff's Complaint is a dispossessory action which is based solely on state law.  No federal question is presented on the face of Plaintiff's Complaint.  That Defendant may seek to assert defenses or counterclaims based on federal law cannot confer federal subject-matter jurisdiction over this action.  See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 (2002).  Removal is not proper based on federal question jurisdiction.

Because the Court lacks both diversity and federal question jurisdiction, this action is required to be remanded to the state court.  See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

### III.     CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that this action is **REMANDED** to the Magistrate Court of Fulton County, Georgia.

**SO ORDERED** this 20th day of November, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE